## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**BUDD M. KIRK,**

               **Petitioner**,

       **vs.**                               **No. CIV-08-0759 WJ/WDS**

**JAMES JANECKA, Warden,**
**and GARY KING, Attorney General for the**
**State of New Mexico,**
               **Respondents,**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This is a Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Budd M. Kirk. (Document No. 1)  Kirk is acting *pro se*.  Respondents filed an Answer to the Petition (Document No. 8) and a Brief in Opposition to Petition and Request for Dismissal of the Petition With Prejudice (Document No. 18).  Petitioner filed no response.  The United States Magistrate Judge, having considered the arguments of the parties, the record, the relevant law, and being otherwise fully informed, finds that the Petition is without merit and recommends that it be dismissed with prejudice.  An evidentiary hearing is not required on issues that can be resolved by reference to the state court record. *Totten v. Merckle,* 137 F.3d 1172 (9th Cir. 1998).  This case can be resolved on the record thus, the Court is satisfied that an evidentiary hearing is not necessary.

---

[1]Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

## CLAIMS

Petitioner Kirk raises four grounds in support of his petition for relief.  In Ground One Kirk claims that he was denied due process when evidence of an impermissibly suggestive identification was introduced against him.  In Ground Two Kirk claims that his counsel was ineffective for failing to file a motion to suppress evidence, that evidence being a shotgun and a black jacket.  In Ground Three Kirk claims that his counsel was ineffective in refusing to pursue excessive contradictions and discrepancies in witness testimony and statements.  Ground Four, though denominated ineffective assistance of counsel, appears to be a restatement of the due process claim relating to the suggestive identification claim found in Ground One.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2006, Sheriff's officers  responded to a report of gunfire in a residential area of Chaparral, New Mexico.  One witness, Tim Smith, who was working at a tire shop in the area, told officers that he had been speaking with a white male wearing a white tee shirt and a black jacket.  He further told officers that he and the subject heard the police sirens and the subject took off running.  It appeared to Smith that the subject ran because of the sirens.  Shortly thereafter other officers indicated that they had a suspect in custody who fit the description relayed by Smith.  The subject was sweating as if he had been running.  The suspect was taken to Smith approximately a half an hour after his original encounter and Smith identified the Petitioner as the individual to whom he had been talking.  He further indicated that he was 100% certain as to his identification. Petitioner was then taken to the sheriff's office.

A second witness, Raul Reza, told officers that he had seen a white male in a black jacket and white shirt fire a shotgun two or three times and then walk up to the tire shop.   Shortly thereafter Reza was taken to the sheriffs' office where he identified Kirk as the man that he had seen

firing the shots.   He, too, was positive as to his identification, which occurred within an hour of the event.  A search of the area resulted in recovery of a shotgun and a black jacket.

Petitioner was charged with being a felon in possession of a firearm, tampering with evidence, and negligent use of a deadly weapon.  On February 22, 2007, Petitioner Kirk was found guilty after a jury trial.  The State of New Mexico also filed a supplemental information alleging two prior felony convictions.   Kirk was ultimately sentenced to 11 and one-half years of confinement. The New Mexico Court of Appeals affirmed the convictions, the New Mexico Supreme Court denied a writ of certiorari.  Petitioner then filed a state habeas corpus petition which was denied by the trial court.  The New Mexico Supreme Court subsequently denied a Petition for Writ of Certiorari**.**  This Petition followed in a timely fashion.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the requirements for granting a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that  was adjudicated on the merits in the State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error. See *Maynard v. Boone*, 468 F.3d 665 (10th Cir. 2006).

A. Section 2254(d)(1)

1. Clearly established law

The AEDPA "requires federal habeas courts to deny relief that is contingent upon a rule of

law not clearly established at the time the state court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 380, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).  Whether the law is clearly established is the threshold question under § 2254(d)(1).  Id. at 390; see also *Yarborough v. Alvarado*, 541 U.S. 652, 660, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004) (the analysis "begin[s] by determining the relevant clearly established law").  Clearly established law is determined by the United States Supreme Court,  and refers to the Court's "holdings, as opposed to the dicta." *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (internal quotation marks omitted) (quoting *Williams*, 529 U.S. at 412). The law is not clearly established if it announces "[a] rule that 'breaks new ground or imposes a new obligation on the States of the Federal Government.'" *Williams* at 381 (quoting *Teague v. Lane*, 489 U.S. 288, 301, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)).  Supreme Court holdings -- the exclusive touchstone for clearly established federal law -- must be construed narrowly and consist only of something akin to on-point holdings, i.e., with facts that are at least closely-related or similar to the case sub judice.  *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006).  See also *Rodriguez v. Miller*, 499 F.3d 136, 140 (2d Cir. 2007), ("[*Musladin*] admonishe[d] courts to read the Supreme Court's holdings narrowly and to disregard as dicta . . . much of the underlying logic and rationale of the high court's decisions."), *cert. denied*, 170 L. Ed. 2d 362 (U.S. 2008).

Without clearly established federal law, a federal habeas court need not consider whether a state court's decision was "contrary to" or involved an "unreasonable application" of such law. The threshold determination that there is no clearly established federal law is analytically dispositive in the § 2254(d)(1) analysis.  *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

2. Contrary to or unreasonable application of clearly established federal law

If the threshold question as to the existence of clearly established federal law is answered

4

affirmatively, the Court must then consider whether the state court decision is either contrary to or an unreasonable application of such law. A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard*, 468 F.3d at 669 (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).

## ANALYSIS

Petitioner's first ground for relief alleges a due process violation by virtue of a "showup" identification. This issue was exhaustively addressed by the state courts. At a suppression hearing the trial judge heard testimony from both Tim Smith and Raul Reza. The trial court noted that the method of identification was highly suggestive. The court then went on to apply the factors set out in *Patterson v. LeMaster*, 130 N.M. 179 (2001). Those factors are: (1) the witness' opportunity to view the criminal at the time of the crime, (2) the attention the witness paid, (3) the accuracy of the pre-identification description, (4) the witness's level of certainty, and (5) the time between the crime and the identification.

Having heard the testimony of the witnesses and assessing their credibility, the trial court found that all factors had been established in favor of the prosecution and, under the totality of the circumstances, the factors outweighed the suggestiveness of the police procedures. Accordingly, the motion to suppress the identifications was denied. On appeal the New Mexico Court of Appeals affirmed this decision and the convictions.

5

Applying the standards of the AEDPA, it is clear that the law in this area is well settled.  See generally *Grubbs v. Hannigan*, 982 F.2d 1483, 1490 (10th Cir.1993); *Manson v. Brathwaite*, 432 U.S. 98 (1977); *Neil v. Biggers*, 409 U.S. 188 (1972).  The trial court and the appellate court applied *Patterson v. LeMaster*, 130 N.M. 179 (2001) in analyzing the identification issue.  The *Patterson* decision is in total accord with the federal law noted above.  It cannot, therefore, be said that the decision of the trial court was contrary to or involved an unreasonable application of federal law.  Nor can it be said that the trial court's findings were unreasonable in light of the evidence presented.  Findings made by a state court are subject to a presumption of correctness and nothing in this record disturbs that presumption.  *Smith v. Mullin,* 379 U.S. 919 (10th Cir. 2004).  Based upon the above, Petitioner's claims in Ground One should be dismissed.

In Grounds Two and Three Petitioner alleges ineffective assistance of counsel.  The merits of an ineffective counsel claim are squarely governed by *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).   In *Strickland*, 466 U.S. at 686-87, the Supreme Court devised a two-step inquiry to determine whether a lawyer's poor performance deprived an accused of his Sixth Amendment right to assistance of counsel.  In order to establish an ineffective assistance claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense."  *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999), cert. denied, 529 U.S. 1027 (2000).  To establish deficient performance, Petitioner  must show that his attorney made "errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment," *Williams v. Taylor*, 529 U.S. 362, 390, 146 L. Ed. 2d 389, 120 S. Ct. 1495 (2000), quoting *Strickland*, 466 U.S. at 687; and that his legal "representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for

6

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The prejudice component focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Williams*, 529 U.S. at 393, FN17, citing *Strickland* 466 U.S. at 687, and *Kimmelman v. Morrison*, 477 U.S. 365, 374, 393, 91 L. Ed. 2d 305, 106 S. Ct. 2574 (1986); see also *Lockhart v. Fretwell*, 506 U.S. 364, 369, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993).  It is entirely appropriate for a habeas court to analyze the prejudice prong first and exclusively, if that is the easier course.  *E.g. Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999).  The *Strickland* standard can properly be described as an area of "well settled" federal law.

In Ground Two Petitioner claims that his counsel was ineffective in failing to file a motion to suppress the black jacket and the shotgun found in the open field by the police.  As the trial court noted in its ruling in the state habeas corpus case, there was no basis for such a motion to suppress. Petitioner's position at trial was that the jacket and shotgun were not his.  They were not seized from Petitioner.  They were found in an open area near the scene of the events which form the basis of this case.  There was no basis for excluding them from evidence as they were probative on the issue of Petitioner's identification and of his possession of a firearm.  Failure to file a motion which has no legal or factual basis is not ineffective assistance of counsel.  This claim is, therefore, without merit and should be dismissed.

In Ground Three Petitioner claims his counsel was ineffective by failing to cross-examine the State's witnesses as to their contradictory statements.  The record indicates that defense counsel did cross-examine the state's witnesses, both at the suppression hearing and at trial.  The defense in the case was that Petitioner was not the individual who possessed and fired the shotgun.  The

cross-examination was directed to that theory of the case.  What Petitioner wanted his counsel to do is not clear, but the decision as to how to cross-examine a witness and whether to impeach a witness is a matter of attorney discretion and the failure to do it as the client would have liked is not ineffective, it is not deficient, and it does not fall below any objective standard of reasonableness. This claim is also without merit and should be dismissed.

Petitioner's vague ineffective assistance of counsel claim found in Ground Four alleges that his counsel failed to pursue his identification claim.  This is factually without merit.  Defense counsel filed a motion to suppress the identifications, cross-examined the witnesses at the suppression hearing, and vigorously argued the matter at the hearing and at trial.  Petitioner does not articulate anything that his counsel should have done that he did not do, or should not have done that he did do.  This claim should also be dismissed.

## RECOMMENDATION

The Court finds that Budd M. Kirk's Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus fails to state a claim upon which relief can be granted for any of the causes of action listed in the Petition. Therefore, the Court recommends that the petition be dismissed with prejudice.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE